IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRIAN DANIELS, K91046,              )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )
                                      )
TYSON BROWN,                          )
ROB JEFFREYS,                         )
ANTHONY WILLS,                        )        Case No. 21-cv-890-DWD
C/O SMITH,                            )
C/O HEPP,                             )
DIRECTOR OF NURSING, KIM              )
MARTIN,                               )
JOHN DOES #1-2,                       )
                                      )
              Defendants.             )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court for consideration of Plaintiff Darrian Daniels'

motion to file an amended complaint (Doc. 66) and his proposed amended complaint.

Plaintiff alleges that on February 13, 2021, he was assaulted in his cell Defendant Brown.

He alleges that his wrist was broken, among other injuries. (Doc. 1 at 6-7; Doc. 4 at 2-3).

Plaintiff claims that that prior to the incident he had sent grievances and letters to

Defendant Jeffreys about Brown's harassment. (Doc. 1 at 7). Plaintiff further alleges that

on July 28, 2021, he was again assaulted by Brown and Defendant Hepp. (Doc. 1 at 8-9;

Doc. 4 at 2-3). In the amended complaint Plaintiff also alleges that he was assaulted by

Defendant Smith on August 8, 2021. (Amended Complaint at 5). Plaintiff adds that

Defendant Kim Martin, the director of nursing, has falsified his medical records to cover

up his injuries or to refuse him treatment.  As with any complaint filed by an inmate, Plaintiff's amended complaint is subject to review under the terms of 28 U.S.C. § 1915A.

Upon initial review the Court identified two distinct claims that would proceed:

| Claim 1: | Eighth Amendment excessive force claim against Brown and Does #1-3; and |
| Claim 2: | Eighth Amendment deliberate indifference claim against Jeffreys. |

(Doc. 10 at 2).  By contrast, the Court dismissed Claim 2 as it pertained to Defendant Wills because Plaintiff failed to allege sufficient personal involvement of Wills.

Plaintiff has now filed an amended complaint that reincorporates Wills, substitutes a party for John Doe 3, and adds new allegations against Defendants Smith and Martin.  Based on the amended complaint, the Court will designate the following claims:

| Claim 3: | Eighth Amendment excessive force claim against Defendant Smith; |
| Claim 4: | Eighth Amendment deliberate indifference claim against Defendant Martin for falsifying medical records and denying care; |
| Claim 5: | Eighth Amendment failure to protect, intervene or respond to grievances by Defendant Wills. |

(Amended Complaint).

### Allegations

Plaintiff maintains that on February 13, 2021, he was assaulted by Defendant Brown, as is stated in Claim 1, but he requests dismissal of John Does 1 and 2.  (Amended Complaint at 4).  In the Amended Complaint, Plaintiff clarifies that Brown and John Doe

3—Defendant Hepp—assaulted him on July 28, 2021.  He states that his left wrist was broken during this assault.  He asks to substitute C/O Hepp for John Doe 3, but this has already been accomplished.  Claim 1 is adequate to encompass the allegations against Brown and Hepp as originally defined.  Consistent with Claim 2, and with his earlier complaint, he alleges that prior to Brown's assault, he filed several grievances and letters with Jeffreys requesting assistance.  He adds that, though he received a response from Jeffreys, Jeffreys did not protect him.

As an addition to his original complaint, Plaintiff now alleges that on August 8, 2021, Defendant C/O Smith placed him in his cell after a court writ still handcuffed, and then he allowed another inmate to enter the cell to assault him.  (Amended Complaint at 5).  Plaintiff further alleges that Smith joined the fellow inmate and assaulted him.

In the amended complaint, Plaintiff adds allegations about Defendant Kim Martin, the director of nursing.  Specifically, he alleges that Martin filed a declaration that falsely represents his interactions with medical staff to make it seem like he either refused treatment or was treated properly.  (Amended Complaint at 5-9).  The declaration he references is an affidavit that Martin prepared and that was filed as part of the Defendants' response to Plaintiff's Motion for a Preliminary Injunction.  (Doc. 24-1).  In the affidavit, Martin states that in February, April, and July of 2021, Plaintiff was scheduled to see the doctor concerning wrist pain that he reported on February 18, 2021, but he refused to see the doctor.  (Doc. 24-1 at 1).  Plaintiff argues that Martin's affidavit must be false because exhibits filed in other cases do not align with Martin's representation that he refused medical appointments, or that he was seen on February

18, 2021.  (Amended Complaint at 6).  Specifically, Plaintiff argues that a call pass history filed in another case shows that he last received a call pass at Menard on January 15, 2021. (*Id.*); *citing Daniels v. Schoenbeck*, 21-cv-51-NJR (Doc. 27-1 at 1) (one page excerpt of call pass log).  Plaintiff further argues that during the time period in question, he filed another case to show that he is being refused medical treatment, *Daniels v. Brown, et al.*, 21-cv-529-MAB (S.D. Ill.).[1]  Plaintiff also asks the Court to review exhibits from another case, *Daniels v. Lawrence*, 20-cv-96-DWD (S.D. Ill. 2020) (Doc. 109), because he alleges that the medical records in that case were falsified.[2]  Based on these allegations, Plaintiff claims that he has demonstrated that Martin's affidavit was false, and that her falsifications have caused him harm.

## Analysis

Claim 3 against Defendant Smith is sufficient to proceed beyond initial review concerning excessive force.

In Claim 4, Plaintiff alleges that Defendant Martin has violated his rights by falsifying medical documentation.  Although Courts have found claims about falsified records sufficient to proceed beyond initial review in other circumstances, the Court does

---

[1] This case contains a single claim that defendants have violated Plaintiff's Fourteenth Amendment right to due process during prison disciplinary proceedings from October 2019-April of 2021. *Daniels v. Brown*, 21-cv-529-MAB (Doc. 6).  An Amended Complaint allowed the addition of an Eighth Amendment claim against Warden Wills for conditions of confinement in North II Segregation.  (Doc. 67).

[2] Document 109 contains records showing that on multiple occasions Plaintiff refused a tuberculosis skin test and refused to even sign a form about it, and on one occasion he signed a form refusing the test.  (Doc. 109).  Plaintiff contends that these forms show that Martin's statement that he has not seen medical since February of 2021 is false.

not find that Plaintiff's claim is sufficient as pled.  *See e.g.*, *Wolfe v. Hobson*, 2017 WL 4786006 at *2 (S.D. Ind. 2017) (allowing claim to proceed for deliberate indifference based on alleged falsification of records concerning care for a painful spine condition). Plaintiff's presentation of this claim is difficult to follow. He seems to allege that by cross-referencing documents filed in this litigation with documents filed in other pending cases, he can demonstrate that Martin somehow falsified records that were filed in this case to create the illusion that he had received or refused care.  Plaintiff's web of allegations is flawed for multiple reasons.

First, the items that he cross references in various other cases do not align.  For example, he alleges that he filed case 21-cv-529-MAB concerning inadequate medical care, but that case has claims about due process and conditions of confinement, not medical care.  Second, items he cross references do not directly undermine Martin's declaration.  For example, he argues that the documents in case 20-cv-96-DWD are forged or suggest medical encounters that were not reflected on a call pass log filed in a different case, but this allegation is unsupported.  Two of the documents in 20-cv-96 reflect that he refused a tuberculosis test and refused to sign a form about it, the third shows that he signed a refusal.  His refusal of care or of a medical test is consistent with Martin's statement that he has not been seen for treatment by medical care since at least February of 2021.

Third, even if Plaintiff's statements that Martin's declaration is somehow false are accepted, this does not establish that Martin was deliberately indifferent to Plaintiff's actual need for care when she performed the administrative task of gathering his medical

5

records for litigation.   To state a claim for inadequate medical care a plaintiff must identify an objectively serious condition and conduct by a defendant that was deliberately indifferent to the condition. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Plaintiff has presented many allegations that hint at deliberate indifference to a serious medical condition, but he has not identified individuals who directly denied him care at or around the time of his injury.   His new allegations concerning an exhibit previously filed in this case, compared to exhibits in other cases, are too tenuous to establish intentional wrongful conduct by Martin.   Although pro se pleadings are given great deference, if the Court is required to scour exhibits from different cases to understand a claim, it is not clearly pled.   Accordingly, Claim 4 against Martin will be dismissed as insufficiently pled.

The Court enumerated Claim 5 above because Plaintiff again added Wills as a defendant.   In the initial review of this case, the Court dismissed Wills from the original Claim 2 because there was not adequate information demonstrating personal knowledge or involvement of Wills.   In the Amended Complaint, Plaintiff's only clear allegation against Wills is that on February 18, 2021, Jeffreys wrote him a letter stating no action would be taken on a particular issue because there was a record of an emergency grievance pending that concerned that issue. (Amended Complaint at 9).  Plaintiff alleges that Wills ignored the emergency grievance, and further, that Wills always ignores emergency grievances.   These allegations are not any different than the allegations in the original complaint.   Upon initial review, the Court dismissed any claim against Wills because Plaintiff had not demonstrated that Wills had actual notice of these issues.   The

Court compared the allegations against Wills to those against Jeffreys, and noted that as to Jeffreys, there was proof that Jeffreys had received notice of the issues because Jeffreys responded in letter format. The record still lacks any such information as to Wills, so the amended complaint is insufficient to state a claim against Wills and Claim 5 will be dismissed without prejudice.

## Warning

The Court notes that Plaintiff has adopted a practice in all pending cases of filing many extra "notices" and supplements with the Court. Recently in this case he filed a "Very Important Notice" (Doc. 72), which contained allegations about his housing situation, and claims in other pending cases. These extra filings will not be tolerated because they are not related to the claims in this case, and they do not comply with the case management practices set forth in the Initial Scheduling Order (Doc. 39). If Plaintiff continues to file unsolicited documents that are not related to this case, the documents will be stricken from the record. It is a waste of judicial resources for the Court to review numerous pleadings that attempt to knit together allegations across a web of cases that Plaintiff maintains in this District. The conduct is on the borderline of being frivolous, so Plaintiff could also face sanctions in the future if he continues to file irrelevant documents.

## Disposition

Plaintiff's Motion to File an Amended Complaint [66] is **GRANTED**. The Clerk is **DIRECTED** to file the proposed amended complaint in this case. Per the Amended Complaint, Plaintiff seeks to dismiss John Doe 1 and 2, so the Clerk is **DIRECTED** to

**TERMINATE** John Doe 1 and 2.  Claim 1 shall proceed against Defendants Brown and Hepp.  Claim 2 shall proceed as originally defined against Jeffreys.

Based on the analysis above, Claim 3 will proceed against Defendant Smith and the Clerk of Court is **DIRECTED** to **ADD** Smith and to serve Smith consistent with Document 8.

By contrast, Claims 4 and 5 will be **DISMISSED** for failure to state a claim.  The Clerk is **DIRECTED** to **TERMINATE** Defendants Martin and Wills because Plaintiff has failed to state a claim against them.  All John Doe parties have now been identified or Plaintiff has requested dismissal of the parties, so Wills is no longer needed for purposes of helping to identify those parties.

The Defendants' Motion to Stay the Dispositive Motion Deadline [69], which was May 6, 2022, is **DENIED** as moot in light of the issuance of this Order.  However, Defendants will now be given an additional 30 days to file a dispositive motion on the issue of exhaustion of administrative remedies.  Dispositive motions on exhaustion are now due July 22, 2022. Once Defendant Smith enters an appearance and files an answer, the Court will address an exhaustion deadline for that defendant as appropriate.

**IT IS SO ORDERED.**

Dated: June 24, 2022

_____
DAVID W. DUGAN
United States District Judge