IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS, K91046,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CV-890-DWD |
| ) | |
| **TYSON BROWN, ROB JEFFREYS,** ) | |
| **SHAWN VANZANDT, JEREMY** ) | |
| **SMITH and RICKY HEPP,** ) | |
| ) | |
| Defendants. | |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendants' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and 41(b) (Doc. 128). Defendants contend Plaintiff, Darrian Daniels ("Daniels"), created a forged document and filed it as an exhibit (Doc. 131, p. 9) to his Response (Doc. 131) to Defendants' Motion for Partial Summary Judgment (Doc. 128). Defendants ask the Court to dismiss Daniels' case in its entirety as a sanction. Plaintiff has responded, arguing that the disputed exhibit – a shakedown slip purportedly signed by two of the defendants – is not a forgery. The Court held an evidentiary hearing on August 6, 2024. For the reasons set forth below, the Motion for Sanctions is **GRANTED** and Daniels' case is **DISMISSED**, in its entirety, with prejudice as a sanction for attempting to perpetrate a fraud on the Court.

1

## BACKGROUND

On August 2, 2021, Daniels filed his initial complaint alleging violations of his Constitutional rights, namely excessive force and failure to protect under the Eight Amendment, while housed within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard") (Doc. 1). After the filing of an Amended Complaint and the substitution of the Unknown Defendants, Daniels is proceeding on the following claims:

> Count 1: Eighth Amendment excessive force claim against Brown, Hepp, and Vanzandt.
>
> Count 2: Eighth Amendment deliberate indifference claim against Jeffreys.
>
> Claim 3: Eighth Amendment excessive force claim against Smith.

As is relevant to the instant motion, in Count 1, Daniels alleges he was assaulted during a shakedown on July 28, 2021. (Doc. 73, 74). He contends the assault occurred in North Two-Two Gallery, between cells 248 and 250, during the 7:00 am to 3:00 pm shift. (Doc. 5 & Doc. 7, p. 7). He further alleges two correctional officers, Tyson Brown[1] ("Brown") and Ricky Hepp ("Hepp"), are responsible for the assault. Defendants', however, have evidence showing that Hepp was not working at Menard on the date in question. Accordingly, in their Motion for Partial Summary Judgment, Defendants seek

---

[1] Tyson Brown is no longer a correctional officer at Menard.

summary judgment on Count 1 as to Defendant Hepp. Defendants contend that he could not have been personally involved in the alleged assault because he was not on the date of the alleged assault.

On April 15, 2024, Daniels filed a Response to Defendants' Motion for Partial Summary Judgment (Doc. 131). Daniels attached a shake down slip ("July 28 Slip") as an exhibit to his Response. The shakedown slip is dated July 28, 2021, and is purportedly signed by Hepp and Brown. Daniels contends that the July 28 Slip proves Hepp was at Menard on the date of the alleged assault.

On May 31, Defendants filed a Motion for Sanctions pursuant to Federal Rules of Civil Procedure 11(b) and 41(b). (Doc. 132). Defendants contend the July 28 Slip is a forgery, created and filed by Daniels. Defendants ask the Court to sanction Daniels by dismissing this case in its entirety with prejudice.

On August 6, 2024, the Court held an evidentiary hearing on the Motion for Sanctions. Defendants presented evidence and called three witnesses: (1) Major McClanahan, the University Manager for North Two Cell House at Menard; (2) Samantha Kellerman, the litigation coordinator at Menard; and (3) Tyson Brown, one of the correctional officers allegedly responsible for the assault. Daniels also testified and presented evidence.

## LEGAL STANDARD

Defendants bring this motion for sanctions pursuant to Federal Rules of Civil Procedure 11 and 41(b). Under Rule 41(b), a defendant may move to dismiss an action or

claim against it if a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order. Rule 11(b) requires that an attorney or unrepresented party, by filing a paper with the court, certify to the "best of his knowledge, information, and belief after an inquiry reasonable under the circumstances" that the document presented to the court is: (1) not pursuant to any improper purpose, (2) warranted by existing law or nonfrivolous argument, and (3) supported by evidence. FED. R. CIV. P. 11(b).

Sanctions under Rule 11 serve to "deter baseless filings" that can limit a court's ability to control its dockets or impede the flow of litigation. *Hoskins v. Dart*, 633 F.3d 541, 542 (7th Cir. 2011); *superseded by statute on other grounds Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11(c) allows courts broad discretion when sanctioning litigants. Specifically, courts may enforce sanctions sufficient to "deter repetition of the conduct or comparable conduct by others similarly situated" *Id.*

In addition to Rule 11, "district courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases… that authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (internal quotation omitted). Sanctions are appropriate "where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). If a litigant presents a forged document in order to obtain relief based on information they know is false, they have abused the judicial system. *Secrease v. Western*

4

*& Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015). Further, given its seriousness and harmful consequences, perjury may warrant the drastic sanction of dismissal. *Jackson v. Murphy,* 468 Fed.Appx. 616, 619–620 (7th Cir.2012); *Montano,* 535 F.3d at 564; *Allen v. Chicago Transit Authority,* 317 F.3d 696, 703 (7th Cir. 2003) ("it is arguable that a litigant who defrauds the court should not be permitted to continue to press his case.").

## ANALYSIS

As previously noted, Daniels contends he was assaulted by Hepp and Brown on the morning of July 28, 2021, in North Two, Gallery Two, between cell numbers 248 (the cell assigned to Daniels) and cell number 250. As support for this claim, Daniels has provided the Court with a shakedown slip. The slip, which is on pink paper, was purportedly signed by Hepp and Brown at 7:25 am on July 28, 2021. Notably, the July 28 Slip was not produced during discovery. It was produced, for the first time, in response to Defendants' Motion for Partial Summary Judgment.

At the hearing, Defendants presented substantial and interrelated documentary and testimonial evidence showing that the July 28 Slip is a forgery. To begin with, evidence produced at the hearing established that Hepp was not working on the date in question, and that, although Brown was working that day, he was not working in Gallery Two, where the assault allegedly occurred. Specifically, Defendants introduced employment rosters establishing that Hepp did not work on that day, and that Brown was working in the 7:00 am to 3:00 pm shift in Gallery One.

The timing and location of Brown's shift further indicate that Brown did not shakedown Daniels' cell on July 28, 2021. Brown credibly testified that a correctional officer's first responsibility when beginning his or her shift is to complete a prisoner count, and that correctional officers do not attend to other responsibilities, including searching cells, until the count is complete. This makes it incredibly unlikely, if not impossible, for Brown, who began working at 7:00 am, to be conducting a shakedown at 7:25 am, let alone conducting a shakedown at 7:25 am in a gallery to which he was not assigned. In addition, Brown testified that he did not sign the July 28 Slip and that the Slip is not consistent with the way he, or any other correctional officer, would write a shakedown slip.

Defendants also presented documentary evidence showing that, on July 28, 2021, the evening shift (3 pm to 11 pm), not the morning shift (7 am to 3 pm) was responsible for conducting shakedowns in even numbered cells. Plaintiff was housed in cell number 248. Accordingly, on the day in question, Plaintiff's cell would have been searched in the afternoon and not in the morning as indicated on the July 28 Slip. Defendants also presented evidence showing that shakedowns are recorded in a logbook and shakedown slips are retained by Menard. Samantha Kellerman, the litigation coordinator at Menard, searched the shakedown logs and retained shakedown slips. She did not find any shakedown slip for Daniels or his cell on July 28, 2021.

In addition to the above, Defendants presented documentary and testimonial evidence showing that the July 28 Slip contains multiple objective indicia of fraud. First,

6

as explained by the testimony, IDOC Form 300 (a shakedown slip) is composed of five different copies, each a different color. The July 28 Slip filed by Daniels is pink and states "None Found" on the left side of the form, indicating that no contraband was found. The pink slip, however, is the slip that is attached to an offender's ticket *if* contraband is located. When contraband is located, the pink slip is given to the offender along with his ticket. However, when no contraband is located, the pink slip is thrown away; it is not given to the offender. Accordingly, Daniels having a copy of a pink slip indicating that no contraband was found is not consistent with established IDOC policy.

Second, there is a designated area on the slip for the correctional officer to indicate whether the cell being searched is occupied or unoccupied. The July 28 Slip indicates that cell 248, belonging to "Darrian Daniels" was searched and, at the same, that the cell was unoccupied. This makes little sense given that evidence presented, including an admission by Daniels, established that, on the day in question, cell 248 was occupied by Daniels.

Third, evidence presented at the hearing revealed that the July 28 Slip contains numerous anomalies, clearly establishing that it is a forgery. For example, testimony from Major McClanahan and Tyson Brown, as well as documentary evidence, established the following: (1) a shakedown slip must be legible and cannot contain writing that is scratched out; (2) the "employee signature" line must contain the *signature* (there may also be a printed name next to the signature) and badge number of the correctional officer in charge of the search and never contains the signatures of two correctional officers; (3)

if an additional officer participates in a search, he or she signs the slip on the "witness" line; and (4) the offender is always identified by his *last* name first and inmate number. The July 28 Slip is not consistent with these standards. The "employee signature" line contains the names "R. Hepp" and "T. Brown" in print instead of the signature of a single correctional officer, and the "witness" line is blank. Further, the July 28 Slip identifies the violator as "Darrian Daniels" as opposed to "Daniels," as would have been customary. Finally, the slip is difficult to read and includes writing that has been scratched out or scribbled over.[2] As established by the testimony, such a slip would have been rejected by supervisory staff.

    Daniels attempts to counter the above evidence by arguing that it is impossible for an inmate to obtain a copy of a blank shakedown slip or to manipulate a completed shakedown slip. However, Major McClanahan and Tyson Brown both credibly testified that blank or used shakedown slips are not subject to any level of security and inmates with a pass can easily obtain shakedown slips from the trash or from inmate workers. These shakedown slips can then be passed to prisoners in segregation.

    Daniels also presented the Court with a yellow shakedown slip that appears to be dated February 13, 2021. Daniels claims that similarities between the yellow shakedown slip and the July 28 Slip demonstrate he did not forge the document. The Court is not persuaded. Daniels did not present any evidence, let alone credible evidence, showing

---

[2] Also of note: the shakedown slip includes a line for a second violator. The July 28 Slip includes writing on the line where a second violator's name and inmate number would be written. The writing, however, has been scribbled out and is illegible.

that the yellow shakedown slip was issued by correctional officers. Moreover, Defendants presented persuasive evidence showing that shakedown slips are easy to obtain. Thus, the yellow shakedown slip is of little evidentiary value.[3]

After reviewing all the documentary evidence, and considering the testimony at the hearing, the Court concludes that the July 28 Slip is a forgery. The Court further finds that Daniels willfully and intentionally attempted to perpetrate a fraud on Defendants and on the Court by presenting the July 28 Slip in an effort to counter the Defendants' motion . The only remaining question is the appropriate sanction for Daniels' misconduct.

Defendants seek dismissal of Daniels' case. The Seventh Circuit has cautioned that " 'dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, where there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailable.' " *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220 (7th Cir. 1992) (quoting *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989)). But forgery "is among the worst kinds of misconduct." *Fulks v. Watson,* 88 F.4th 1202, 1208 (7th Cir. 2023) (citing *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014)). As a result, dismissal with prejudice is an appropriate sanction for "lying to the court to receive a benefit from it because no one needs to be warned not to lie to the judiciary." *Ayoubi v. Dart*, 640 Fed. Appx. 524 (7th Cir. 2016).

---

[3] Daniels also indicated that he could find other similarly written shakedown slips. But given that blank and discarded shakedown slips are easily obtained and, considering the overwhelming amount of evidence presented by Defendants, additional shakedown slips would not alter the Court's decision.

In *Fulks v. Watson,* 88 F.4th 1202 (7th Cir. 2023), a litigant knowingly submitted a falsified document and perjured himself by continuing to insist the document was genuine. The Appellate Court held that dismissal with prejudice was an appropriate sanction given the plaintiff's waste of judicial resources. *Fulks*, 88 F.4th at 1202. Similarly, in *Jackson v. Murphy*, 468 Fed. App'x. 616 (7th Cir. 2012), the Seventh Circuit found that the sanction of dismissal was warranted because the plaintiff "both perjured himself and forged a document critical to the prosecution of his case. His fraud was uncovered only after a costly and contested hearing." *Id.* at 620. *See also Martin v. Redden,* 34 F.4th 564, 567-68 (7th Cir. 2022) (in cases where forged evidence has imposed significant time and monetary costs on the court and honest parties, dismissal is appropriate).

In the instant case, Daniels filed a document he knew to be a forgery and nevertheless maintained it was legitimate. Daniels' conduct is an abuse of the judicial system and a waste of judicial resources. The Court has considered imposing a monetary sanction on Daniels, who is not proceeding *pro se*. But the Court finds that a monetary sanction would not suitably reflect the gravity of lying to the Court. Similarly, merely excluding the forgery or dismissing less than all of Daniels claims, would not be a sufficient deterrent for Daniels or other litigants. Given the gravity of Daniels' misconduct, a with prejudice dismissal of Daniels' case is necessary to send a clear message to other litigants that the risk of perpetrating a fraud on the Court far outweighs any tactical benefit that might be gained by it. Anything less would be an invitation to abuse the judicial process.

10

## DISPOSITION

Defendants' Motion for Sanctions is **GRANTED.** This case is **DISMISSED** in its entirety with prejudice as a sanction for perpetrating a fraud on the Court. All pending motions are **DENIED** as **MOOT**. The Court **DIRECTS** the Clerk of Court to close the case and to enter judgment accordingly.

Additionally, the Court notes that Darrian Daniels has other cases proceeding in this judicial district. The Court **WARNS** Daniels that any further misconduct in his remaining cases may result in additional sanctions, including a ban on filings pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995) (courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans). *See also Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

**SO ORDERED.**

Dated: August 12, 2024

						_____
						DAVID W. DUGAN
						United States District Judge